**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, individually, and on behalf of REALTY PLUS, INC., <br><br> Plaintiff, <br><br> vs <br><br> NATIONAL FIRE & MARINE INSURANCE COMPANY, MAYA ONE, LLC, OHAD GIL, and ANGELA GRAY, <br><br> Defendants. | Cause No. 3:22-cv-290 |

**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT**

COMES NOW UNITED SPECIALTY INSURANCE COMPANY ("United Specialty") individually and on behalf of REALTY PLUS, INC. ("Realty Plus"), by counsel, and for its Complaint for Breach of Contract and Declaratory Judgment against defendants NATIONAL FIRE & MARINE INSURANCE COMPANY ("National Fire"), MAYA ONE, LLC ("Maya One"), OHAD GIL ("Gil"), and ANGELA GRAY ("Gray"), alleges and avers as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, United Specialty is a Delaware corporation with its principal place of business located at 1900 L. Don Dodson Drive, Bedford, Texas. United Specialty is not a mutual insurance company. Accordingly, United Specialty is a citizen of the States of Delaware and Texas for purposes of diversity jurisdiction. United Specialty is authorized to do business in the State of Indiana and is authorized by the Indiana Department of Insurance to sell insurance in this State.

2. National Fire is a Nebraska corporation with its principal place of business located at

1314 Douglas Street, Suite 1400, Omaha, Nebraska 68102. National Fire is not a mutual insurance company. Accordingly, National Fire is a citizen of the State of Nebraska for purposes of diversity jurisdiction. National Fire is authorized to do business in the State of Indiana and is authorized by the Indiana Department of Insurance to sell insurance in this State.

3. Maya One, LLC, is a limited liability company organized and registered in the State of Indiana, with its principal place of business located at 300 S. St. Louis Blvd., Suite 103, South Bend, Indiana 46204. The sole member of Maya One is Ohad Gil, an individual whose residence and domicile is located at 1265 Timberline Pl., Alpharetta, GA 30005. Accordingly, Maya One is a citizen of the States of Indiana and Georgia for purposes of diversity jurisdiction.

4. Ohad Gil is an individual whose last known residence and domicile is located at 1265 Timberline Pl., Alpharetta, GA 30005. Accordingly, Gil is a citizen of the State of Georgia for purposes of diversity jurisdiction.

5. Angela Gray is an individual whose last known residence and domicile is located at 2526 Prast Boulevard, South Bend, Indiana 46628. Accordingly, Gray is a citizen of the State of Indiana for purposes of diversity jurisdiction.

6. Gil is the owner of real property located at 2526 Prast Boulevard, South Bend, Indiana, 46628.

7. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00 excluding interest and costs.

8. This Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201. An actual and substantial controversy exists between the parties. Plaintiff United Specialty, individually and on behalf of Realty Plus, seeks a declaration that National

Fire, Maya One, and/or Gil are obligated to defend and indemnify Realty Plus in connection with an underlying personal injury action filed by a third party to this action.

9. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 because a substantial portion of the events and omissions giving rise to this cause of action occurred in this District and Division.

## FACTUAL ALLEGATIONS

### *The Underlying Incident and the Gray Action*

10. This lawsuit arises out of an underlying personal injury action titled *Angela Gray v. Realty Plus, Inc. & Ohad Gil,* currently pending in the St. Joseph Superior Court, State of Indiana, Cause No. 71C01-1710-CT-000444 (the "Gray Action"). On December 11, 2018, Gray filed an amended complaint, naming Realty Plus and Gil both as defendants.

11. Gray then filed a second amended complaint on or about February 24, 2020, which is now the operative pleading in the Gray Action. A true and correct copy of the Second Amended Complaint and Jury Demand in the Gray Action is attached hereto and incorporated herewith as Exhibit "A."

12. The Gray Action is a personal injury action in which plaintiff Angela Gray alleges that on January 30, 2017, she allegedly tripped and fell in the driveway of residential property located at 2526 Prast Boulevard, South Bend, Indiana (the "Premises"). Ex. A, ¶¶ 2-7.

13. In the Second Amended Complaint, Gray has asserted claims of negligence and premises liability against both Realty Plus and Gil.

14. At the time of the incident, Gray was renting the Premises pursuant to a Residential Lease-Rental Agreement with Realty Plus, the Property Manager for the Premises.

15. At the time of the incident, the Property was owned by Gil and Maya One.

16. Realty Plus had entered into a Management Agreement with Gil and Maya One to

provide property management services at the Premises sometime in or around June 2014. A true and correct copy of the Management Agreement is attached hereto and incorporated herewith as Exhibit "B."

17. The Management Agreement was in effect at the time of the incident at issue in the Gray Action.

### *The National Fire Policy*

18. National Fire issued a commercial policy to Maya One, policy number 12PRM031803-01, for the period of September 7, 2016, to September 7, 2017 (the "National Fire Policy"). A certified copy of the National Fire Policy is attached hereto and incorporated herewith as Exhibit "C."

19. As discussed in further detail below, National Fire defended Realty Plus as an additional insured under the National Fire Policy in the Gray Action for nearly two years, during which time National Fire exercised complete and exclusive control over Realty Plus' defense and settlement negotiations, to the exclusion of United Specialty, including through the completion of discovery, filing of dispositive motions, and conducting at least one mediation, which did not result in a settlement of the Gray Action on behalf of any party.

20. National Fire wrongfully withdrew from Realty Plus' defense after two years on the grounds that there was a dispute between Realty Plus and Gil regarding their respective liabilities, and because the subject Premises was not listed on the National Fire Policy, both of which issues National Fire was aware from the time it first undertook Realty Plus' defense in May 2019.

### *The Management Agreement*

21. The Management Agreement contains an indemnification provision and insurance procurement provision, which state, in pertinent part, as follows:

> Owner shall indemnify and save the Agent harmless from any and all costs, expenses, attorney's fees, suits, liabilities, damages from or connected with the management of the property by Agent, or in the performance or exercise of any of the duties or authorities herein or hereafter granted to Agent.
>
> Owner shall not hold Agent liable for any error of judgement, or for any mistake of fact or law, or for anything which Agent may do or refrain from doing hereafter, except in cases of willful misconduct or gross negligence.
>
> Owner also agrees to carry, at Owner's expense, bodily injury, property damage and personal injury public liability insurance in the amount of not less than $300,000 combined single limit for bodily injury or property damage. The policy shall be written on a comprehensive general liability form and shall name the Agent as additionally insured.

Ex. B, p 2.

### *The Defense of Realty Plus in the Gray Action*

22. At the time the Gray Action was originally filed in October 2017, United Specialty was the insurer for Realty Plus, and it undertook the defense of Realty Plus by retaining outside counsel to defend it in the Gray Action.

23. After the First Amended Complaint was filed, Realty Plus tendered its defense and indemnity to Gil and its insurer, National Fire, by letter dated March 19, 2018, pursuant to the indemnification provision and insurance procurement provision in the Management Agreement, as set forth in Paragraph 23 above.

24. Eventually, by letter dated August 2, 2019, National Fire accepted Realty Plus' defense, subject to a reservation of rights, and retained the law firm Kopka, Pinkus & Dolin to substitute as defense counsel for Realty Plus in the Gray Action. A true and correct copy of National Fire's August 2, 2019, letter to Realty Plus is attached hereto and incorporated herewith as Exhibit "D."

25. In that August 2, 2019, letter, National Fire specifically reserved rights on the grounds that the Premises was not identified as a "covered premises" on the National Fire policy issued to Maya One. Notwithstanding, National Fire agreed to fully defend Realty Plus in the Gray Action, and at no point in time advised or demanded that United Specialty continue to participate in the

defense of Realty Plus in the Gray Action. See, Ex. D.

26. After National Fire took over Realty Plus's defense, United Specialty's retained counsel withdrew as defense counsel for Realty Plus, and as of September 2019, National Fire had exclusive and complete control over Realty Plus's defense in the Gray Action.

27. In the course of National Fire's defense of Realty Plus in the Gray Action, defense counsel for Realty Plus prepared and filed all pleadings and answers to the complaints and allegations on behalf of Realty Plus; completed discovery; filed a motion for summary judgment on behalf of Realty Plus; and conducted at least one mediation session.

28. National Fire did not settle any of the claims against Realty Plus in the Gray Action, either at mediation or otherwise.

29. The Gray Action remains pending, and is currently scheduled to proceed to trial in November 2022.

30. Almost two years after undertaking complete control of Realty Plus's defense, by letter dated April 16, 2021, National Fire "tendered" the defense of Realty Plus back to United Specialty, stating that a dispute existed between Realty Plus and Gil regarding "instruction Realty received for repairing the defect in the driveway as well as a dispute about the notice Realty provided Mr. Gil." A true and correct copy of the April 16, 2021, letter from National Fire is attached hereto and incorporated herewith as Exhibit "E."

31. National Fire also advised that because the Premises is not a covered property on the National Fire policy—an issue that National Fire was aware of from the time it first undertook the defense of Realty Plus in 2019—that the National Fire policy does not apply to the Gray Action. See, Ex. E.

32. In this April 16, 2021 letter, National Fire, for the first time, advised United Specialty that Plaintiff had made a $1.1 million settlement demand on May 11, 2020, in anticipation of a May

22, 2020, mediation, which took place almost one year before National Fire's re-tender to United Specialty.

33. United Specialty was not made aware that mediation occurred in May 2020, nor was it provided any prior notice of the status of the Gray Action, including any settlement negotiations, mediations, or other opportunities to settle the Gray Action, prior to receiving National Fire's letter of April 16, 2021.

34. United Specialty had no involvement in discovery, the mediation that occurred, or any litigation, settlement, or other defense strategy since National Fire undertook complete control of Realty's defense in September 2019.

35. At the time of National Fire's tender to United Specialty on April 16, 2021, all discovery in the Gray Action was completed, and trial was scheduled to commence December 7, 2021.

36. On May 7, 2021, the Kopka firm withdrew its appearance as counsel on behalf of Realty Plus, and counsel retained by United Specialty substituted as defense counsel for Realty Plus.

37. United Specialty has incurred extensive costs and will continue to incur costs as a result of National Fire's improper and untimely abandonment and withdrawal of coverage provided to Realty Plus under the National Fire policy, including but not limited to defense costs incurred on behalf of Realty Plus, costs and expenses to take the Gray Action to a jury trial, and/or costs of any settlement, judgment, verdict, or award entered against Realty Plus.

38. Even if the National Fire policy does not provide coverage for the Gray Action, National Fire undertook the defense of Realty Plus and defended it for nearly two years, during which time National Fire completely controlled the defense and settlement opportunities for Realty Plus, to the exclusion of United Specialty, only to abandon Realty Plus after failed mediation and other settlement opportunities.

39. As a result of National Fire's untimely denial and withdrawal from Realty Plus' defense, both Realty Plus and United Specialty have been prejudiced because National Fire exercised complete control of Realty Plus' defense, including opportunities to settle on behalf of Realty Plus, but refused or otherwise failed to do so.

40. National Fire has waived its rights to withdraw coverage and a defense from Realty Plus in the Gray Action, and/or should otherwise be estopped from now denying coverage and refusing to defend and indemnify Realty Plus in the Gray Action.

41. In addition, Maya One and Gil have a contractual duty to defend and indemnify Realty Plus in the Gray Action, and to obtain insurance coverage for Realty Plus as an additional insured, which contractual duties have been breached.

42. As a result of National Fire's actions in wrongfully abandoning and withdrawing from Realty Plus's defense, United Specialty, individually and on behalf of Realty Plus, has suffered and will continue to suffer damages.

43. As a result of Maya One's and Gil's wrongful actions in breaching the Management Agreement, United Specialty, individually and on behalf of Realty Plus, has suffered and will continue to suffer damages.

## COUNT I – BREACH OF CONTRACT—NATIONAL FIRE

44. United Specialty incorporates by reference the allegations in paragraph 1 through 43 as if fully set forth herein.

45. National Fire had a duty to defend and indemnify Realty Plus under the National Fire Policy in the Gray Action.

46. National Fire has wrongfully failed and/or refused to defend and/or indemnify Realty Plus in the Gray Action as required under the National Fire Policy, and/or has otherwise breached its insurance contract with regard to Realty Plus.

47. In the alternative, in undertaking the exclusive defense of Realty Plus in the Gray Action for over two years, with full knowledge of defenses with regard to Realty Plus's liability and coverage under the National Fire Policy, National Fire has waived its rights or should otherwise be estopped to deny coverage to Realty Plus, and/or to withdraw or otherwise refuse to defend, indemnify, and/or pay any settlement, judgment, verdict, or award on Realty Plus's behalf in the Gray Action.

48. United Specialty, individually and on behalf of Realty Plus, has suffered and will continue to suffer damages proximately caused by National Fire's breaches of the National Fire Policy, including but not limited to compensatory, consequential, and incidental damages, prejudgment and post-judgment interest, and other damages as yet to be identified.

## **COUNT II – DECLARATORY JUDGMENT—NATIONAL FIRE**

49. United Specialty incorporates by reference the allegations in paragraph 1 through 48 as if fully set forth herein.

50. An actual controversy exists as to the nature and scope of Realty Plus's and United Specialty's rights and National Fire's obligations under the National Fire Policy with respect to the Gray Action.

51. Realty Plus complied with all conditions to coverage under the National Fire Policy.

52. Declaratory relief will aid the resolution of the dispute between the Plaintiff and National Fire as to their respective rights and obligations under the National Fire Policy with regard to the Gray Action.

53. United Specialty, individually and on behalf of Realty Plus, is entitled to declaratory relief establishing National Fire's duties respective to both Realty Plus and United Specialty under the National Fire Policy with regard to the Gray Action.

## **COUNT IV – BREACH OF CONTRACT—MAYA ONE AND GIL**

54. United Specialty incorporates by reference the allegations in paragraph 1 through 53 as if fully set forth herein.

55. Realty Plus entered into the Management Agreement with Maya One and Gil, which Management Agreement was in effect at the time of the incident at issue in the Gray Action, and which Management Agreement applies to the property at issue in the Gray Action.

56. Under the Management Agreement, Maya One and Gil have a duty to defend, indemnify, and to hold Realty Plus harmless from any and all costs, expenses, attorney's fees, suits, liabilities, and damages from or connected with Realty Plus's management of the subject Premises.

57. Realty Plus tendered its defense and indemnification in the Gray Action to Maya One and Gil pursuant to the terms of the Management Agreement.

58. Upon National Fire's wrongful refusal to continue defending and to indemnify Realty Plus, and its withdrawal from its defense, Maya One and Gil have refused to accept Realty Plus's defense and indemnity, in breach of their contractual obligations under the Management Agreement.

59. In addition, under the Management Agreement, Maya One and Gil had an obligation to carry and maintain certain insurance coverage, and to include Realty Plus as an additional insured on such insurance coverage.

60. Maya One and Gil have breached their contractual obligation to obtain and maintain additional insured liability coverage on behalf of Realty Plus under the Management Agreement.

61. United Specialty, on behalf of Realty Plus, has suffered and will continue to suffer damages proximately caused by Maya One's and Gil's breaches of the Management Agreement, including but not limited to compensatory, consequential, and incidental damages, prejudgment and post-judgment interest, and other damages as yet to be identified.

## COUNT V – DECLARATORY JUDGMENT—MAYA ONE AND GIL

62. United Specialty incorporates by reference the allegations in paragraph 1 through 61 as if fully set forth herein.

63. An actual controversy exists as to the nature and scope of Realty Plus's and, as its subrogee, United Specialty's rights and Maya One's and Gil's obligations under the Management Agreement with respect to the Gray Action.

64. Declaratory relief will aid the resolution of the dispute between the Plaintiff and Maya One and Gil as to their respective rights and obligations under the Management Agreement with regard to the Gray Action.

65. United Specialty, on behalf of Realty Plus, is entitled to declaratory relief establishing Maya One's and Gil's duties to Realty Plus under the Management Agreement with regard to the Gray Action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United Specialty Insurance Company, on behalf of and as subrogee of Realty Plus, Inc., prays that this Court enter judgment as follows:

1. Finding defendants in breach of their duties and obligations under the subject contracts, and awarding Plaintiff damages that were directly and proximately caused by the defendants' breaches of their duties and obligations under the subject contracts;

2. Declaring that National Fire has a duty to defend and indemnify Realty Plus in the Gray Action;

3. Declaring that Maya One and/or Gil have a duty to defend and indemnify Realty Plus in the Gray Action;

4. Entering an award of damages to Plaintiff for compensatory damages, consequential damages, pre- and post-judgment interest, and attorney's fees; and

5. That Angela Gray is a nominal but necessary party to this litigation, as the underlying plaintiff and claimant whose claims remain outstanding, and thus should be bound by any decision concerning contractual or insurance interpretation in this suit; and

6. For such other and proper relief, including any appropriate equitable relief, as the Court may deem just and proper.

Respectfully submitted,

By: */s/ Meghan E. Ruesch*
John C. Trimble, #1791-49
Meghan E. Ruesch, # 32473-49
Edmund L. Abel, #36293-49
LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Phone (317) 237-0500
Fax (317) 630-2790
Email: jtrimble@lewiswagner.com
mruesch@lewiswagner.com
eabel@lewiswagner.com